**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON, JUDGE**

| | | |
|---|---|---|
| KINGTOM ALUMINIO SRL, | ) | |
| Plaintiff, | ) | |
| and | ) | |
| INDUSTRIAS FELICIANO ALUMINUM, INC., J.L. TRADING CORP., and PUERTAS Y VENTANAS J.M. INC., | ) | |
| Consolidated Plaintiffs, | ) | |
| v. | ) | Court No. 22-00079 |
| UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | ) | |
| Defendant-Intervenor. | ) | |

# **ORDER**

Upon consideration of defendant's motion to suspend proceedings in this action, the parties' respective responses thereto, and upon consideration of all other papers and proceedings submitted, it is hereby

**ORDERED** that defendant's motion to suspend proceedings is granted; and it is further

**ORDERED** that within 30 days of any decision in *Global Aluminum Distributor LLC v. United States*, No. 21-198 (Ct. Int'l. Trade), or *H&E Home, Inc. et al v. United States*, No. 21-337 (Ct. Int'l Trade), the parties shall file a joint status report with the Court proposing the next course of action.

                                                                                                                                    _____

                                                                                                                                    Richard K. Eaton, Judge

Dated: New York, NY
       This    day of _____, 2022

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| KINGTOM ALUMINIO SRL,<br><br>   Plaintiff,<br><br> and<br><br>INDUSTRIAS FELICIANO ALUMINUM, INC., J.L. TRADING CORP., and PUERTAS Y VENTANAS J.M. INC.,<br><br>   Consolidated Plaintiffs,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant,<br><br> and<br><br>ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,<br><br>   Defendant-Intervenor. | Court No. 22-00079 |

## DEFENDANT'S MOTION TO SUSPEND PROCEEDINGS

Pursuant to Rules 1 and 7 of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court suspend proceedings in this case pending a decision by this Court in related litigation, namely, *Global Aluminum Distributor LLC v. United States*, No. 21-198 (Ct. Int'l. Trade), or *H&E Home, Inc. et al v. United States*, No. 21-337 (Ct. Int'l Trade), concerning the Customs and Border Patrol (CBP) findings in its Enforcement and Protection Act (EAPA) investigations under 19 U.S.C. § 1517 (2018) into whether actions by Industrias Feliciano Aluminum, Inc., J.L. Trading Corp,

Puertas Y Ventanas J.M. Inc., Hialeah Aluminum Supply Inc., and Classic Metals Suppliers Corp. (collectively, the Importers) constitute evasion through either co-mingling or transshipping subject merchandise from China by way of the Dominican Republic.

On June 16, 2022, counsel of record for the Government contacted counsel for each of the parties, seeking their consent to this motion. On June 24, 2022, Jordan L. Fleischer of Morris, Manning & Martin, LLP, stated that plaintiff, Kingtom Aluminio SRL, opposes a suspension and plans to respond to this motion. Also on June 24, 2022, Elizabeth Lee of Wiley Rein LLP indicated that defendant-intervenor, Aluminum Extrusions Fair Trade Committee, does not believe that this case should be deferred, but that if this case is deferred pending *Global Aluminum Distributor LLC v. United States*, CIT Court No. 21-198, defendant-intervenor believes that the case should also be deferred pending *H&E Home, Inc. v. United States*, CIT Court No. 21-337. On July 8, 2022, Beth C. Ring, Esq. of Sandler Travis & Rosenberg, P.A., confirmed that the consolidated plaintiffs, Industrias Feliciano Aluminum, Inc., J.L. Trading Corp., and Puertas y Ventanas J.M. Inc., join plaintiff Kingtom in opposing a suspension.

## BACKGROUND

On May 26, 2011, the U.S. Department of Commerce (Commerce) published in the *Federal Register* a countervailing (CVD) duty order on aluminum extrusions from China. *Aluminum Extrusions from the People's Republic of China*, 76 Fed. Reg. 30,653 (Dep't. of Commerce May 26, 2011) (CVD Order). On May 1, 2020, Commerce published a notice of opportunity to request an administrative review of the CVD Order for the period of review (POR) May 1, 2019, through April 30, 2020. *Opportunity to Request Administrative Review*, 85 Fed. Reg. 25,394 (Dep't. of Commerce May 1, 2020). On May 29, 2020, Commerce received a request from Kingtom Aluminio, S.R.L. (Kingtom) to conduct an administrative review of

Kingtom, and on June 1, 2020, Commerce received a timely request from the Aluminum Extrusions Fair Trade Committee (AEFTC) for an administrative review of Kingtom and 97 other companies. *Aluminum Extrusions from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review*, 86 Fed. Reg. 43,173 (Dep't. of Commerce, Aug. 6, 2021), and accompanying Preliminary Decision Memorandum (*Preliminary Decision Memorandum*) at 2. Commerce published its notice of the Preliminary Results of the Administrative Review on August 6, 2021, and the Final Results on February 9, 2022. *Aluminum Extrusions from the Peoples Republic of China*, 87 Fed. Reg. 7,423 (Dep't. of Commerce, Feb. 9, 2022) and accompanying Issues and Decision Memorandum (*Final IDM*).

While Commerce was engaged in its administrative review, CBP published its final determinations in two relevant Enforce and Protect Act (EAPA) investigations covering the Importers' and Kingtom's merchandise. The first EAPA investigation, case number 7348, covered a period of review between October 9, 2018, and November 2, 2020. *See* Notice of Final Determination as to Evasion, EAPA Case No. 7348 (Nov. 2, 2020) (EAPA 7348). The second EAPA investigation, case number 7423, covered a period of review between January 10, 2019, and January 28, 2021. *See* Notice of Final Determination as to Evasion, EAPA Case No. 7423 (Jan. 28, 2021) (EAPA 7423). Given the overlapping nature of the two investigations, as well as the collective overlap with Commerce's period of review and relevancy to the ongoing administrative review, Commerce relied on both findings throughout the *Final IDM*. *See, e.g., Final IDM* at 19-34.

On April 28, 2021, Global Aluminum Distributor (later to be joined by the other Importers) filed an action against CBP challenging the results in EAPA 7348. *See* CIT No. 21-198, ECF Nos. 1 and 2 (Apr. 28, 2021) (Summons and Complaint). In that case, CBP requested

a voluntary remand to review the results of EAPA 7348. CIT No. 21-198, ECF No. 91 (Apr. 14, 2022). The results of that remand were filed with the Court on June 15, 2022. CIT No. 21-198, ECF No. 93. In the remand, CBP reversed its initial determination of evasion and instead found information provided by Kingtom as to its manufacturing capabilities in the Dominican Republic to be credible. *See id*. The parties have entered a joint motion for entry of judgment, and currently await the Court's judgment on that remand redetermination. *See* CIT No. 21-198, ECF No. 95 (June 22, 2022).

Similarly, on July 19, 2021, H&E Home, Inc., and Classic Metals Suppliers (later joined by the other Importers) filed another action against CBP challenging the results in EAPA 7423. *See* CIT No. 21-337, ECF Nos. 1 and 5 (July 19, 2021) (Summons and Complaint). On November 18, 2021, the Court stayed proceedings pending completion of the briefing in the litigation arising out of EAPA 7348, *Global Aluminum Distributor LLC v. United States*, CIT No. 21-198. CIT No. 21-337, ECF No. 47 (Nov. 18, 2021). *H&E Home, Inc. et al v. United States* remains suspended pending the Court's decision in *Global Aluminum Distributor LLC v. United States*.[1]

In this case, plaintiffs commenced this action on March 9, 2022, challenging Commerce's reliance on the EAPA 7348 and EAPA 7423 determinations as unsupported by substantial evidence and a violation of due process. *See* Complaint, ECF No. 8, at ¶ 47-48 (Apr. 8, 2022).

---

[1] A motion to lift the suspension was filed on June 3, 2022 and remains pending. *See* CIT No. 21-337, ECF No. 56 (June 3, 2022).

# ARGUMENT

## I. Standard Of Review

Decisions concerning when and how to suspend proceedings rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States,* 124 F. 3d 1413, 1416 (Fed. Cir. 1997) (citations omitted); *Giorgio Foods, Inc. v. United States*, 37 C.I.T. 152, 154 (Ct. Int'l Trade 2013) ("A stay is granted at the court's discretion and must take into consideration the interests of judicial economy and efficiency") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 257 (1936)). In exercising that discretion, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55; *see also Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1333–34 (Ct. Int'l Trade 2013) (listing U.S. Court of International Trade decisions evaluating motions to suspend proceedings).

## II. A Suspension of Proceedings Is Appropriate To Conserve The Resources Of The Parties And The Court During The Court's Review Of The Relevant EAPA Cases

In the interests of judicial economy and efficiency, the Court should suspend proceedings. The Court's pending resolution in *Global Aluminum Distributor LLC v. United States*, Court No. 21-198, relating to the finding of evasion by Kingtom and the Importers and applying adverse facts available to determine that merchandise entering the United States was subject to the order on aluminum extrusions from China, may render the primary issues in this proceeding moot. If the Court upholds the remand redetermination filed by CBP on June 15, 2022, certain evidence on which Commerce relied in making its final determination will no longer be viable.

In the absence of a suspension, the parties may expend considerable effort in pursuing arguments that will ultimately be rendered moot by the Court's decision in a related case. The determination by CBP that Commerce relied upon in making the determination at the center of

this case no longer exists. Indeed, CBP's remand determination in EAPA 7348 results in a near-opposite finding to the pre-remand determination relied upon by Commerce in this case, and a request to sustain CBP's remand decision is pending before the Court. Proceeding before the Court rules on the remand decision would waste the scarce resources of the Court and all of the parties in this case.

Moreover, any potential burden that may arise from a suspension of proceedings is mitigated by the likely limited duration of the stay given that the remand redetermination in *Global Aluminum Distributor* has already been completed and a joint motion for entry of judgment has been filed with the Court. *See* CIT No. 21-198, ECF No. 95 (June 22, 2022). A ruling in *Global Aluminum Distributor* will also trigger the expiration of the stay in *H&E Home*, and likely expedite the resolution of that case as well.

Well-established precedent also confirms the appropriateness of a suspension under these circumstances. *See, e.g.*, *Tembec, Inc. v. United States*, 29 C.I.T. 656, 656 (Ct. Int'l. Trade 2005) (granting a limited duration suspension when "facts relevant to this case would change depending on the outcome" of other proceedings on the same issue); *Diamond Sawblades Mfrs' Coal. v. United States*, 34 C.I.T. 404, 407 (Ct. Int'l Trade 2010) (continuing a suspension of proceedings when "the court and each of the litigants . . . risk expending substantial resources on litigation that may ultimately prove to be irrelevant").

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant this motion to suspend proceedings in this case temporarily, pending a decision by the Court in *Global Aluminum Distributor* or *H&E Home*, at which time the parties may discuss and notify the Court of their respective positions regarding further proceedings. Accordingly, if the Court grant the

motion to suspend proceedings, the Government also respectfully proposes that the Court also order the parties to file, within 30 days following a decision in *Global Aluminum Distributor* or *H&E Home*, a joint status report regarding further proceedings in this case.

|  | Respectfully Submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>Jesus N. Saenz<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Augustus Golden<br>Augustus Golden<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: 202-507-6089<br>Email: augustus.j.golden@usdoj.gov |
| June 08, 2022 | Attorneys for Defendant |