# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| KINGTOM ALUMINIO SRL, <br><br>   Plaintiff, <br><br>and <br><br>INDUSTRIAS FELICIANO ALUMINUM, INC., J.L TRADING CORP., AND PUERTAS Y VENTANAS J.M. INC., <br><br>   Consolidated Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>   Defendant, <br><br>and <br><br>ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br>   Defendant-Intervenor. | No. 22-00079 |

## DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand to the Department of Commerce's the final results in *Aluminum Extrusions from the People's Republic of China*, 87 Fed. Reg. 7,423 (Dep't of Commerce Feb. 9, 2022) (*Final Results*) (P.R. 100) and the accompanying Issues and Decision Memorandum (IDM) (P.R. 96).

On October 2, 2024, counsel of record for the Government contacted counsel for each of the parties, seeking their consent to this request. On October 2, 2024, Brady Mills of Morris,

1

Manning & Martin, LLP stated that plaintiff, Kingtom Aluminio SRL, consents to the request. On October 2, 2024, Beth Ring of Sandler, Travis & Rosenberg, P.A. stated that consolidated plaintiffs, Industrias Feliciano Aluminum, Inc., J.L Trading Corp., and Puertas Y Ventanas J.M. Inc., consent to the request. On October 3, 2024, Paul Devamithran of Wiley Rein LLP stated that defendant-intervenor, Aluminum Extrusions Fair Trade Committee, does not oppose the request. On October 3, 2024, Lizbeth Levinson of Fox Rothschild LLP stated that plaintiff-intervenors, Hialeah Aluminum Supply, Inc. and Classic Metals Suppliers Corp., consent to the request.

As discussed below, we respectfully request that the Court remand this matter in its entirety to enable the Department of Commerce to revisit the record in light of remand results in *Global Aluminum Distributor LLC v. United States*, Consol. Court No. 21-00198, and *H & E Home, Inc. v. United States*, Consol. Court No. 21-00337, to determine whether further factual submissions are required, and to reevaluate Commerce's determination that certain merchandise is subject to the relevant antidumping order.

## INTRODUCTION

The central issue in this case is a challenge to Commerce's determinations whether Kingtom was (1) shipping subject merchandise, and (2) entitled to a separate rate for its aluminum extrusions imported into the United States. In making the determination that Kingtom was shipping subject merchandise, Commerce heavily relied on determinations by U.S. Customs and Border Protection (CBP) pursuant to the Enforce and Protect Act (EAPA) in EAPA Case Nos. 7348 and 7423 that Kingtom was evading the countervailing duty order on aluminum extrusions from the People's Republic of China (China) and transshipping subject merchandise through the Dominican Republic.

In August 2022, all parties agreed to stay this case pending challenges of CBP's related EAPA determinations in *Global Aluminum Distributors LLC v. United States* (CIT No. 21-198) and *H & E Home, Inc. v. United States* (CIT No. 21-337). In each of those cases, CBP requested and was granted a voluntary remand, and determined during those remands (1) to reverse its initial determination of evasion, and (2) that Kingtom had submitted credible information as to its manufacturing capabilities in the Dominican Republic. *See Global Aluminum*, CIT No. 21-198, ECF No. 93 (June 15, 2022); *H&E Home*, CIT No. 21-337, ECF No. 73 (Jan. 10, 2023). In *Global Aluminium*, the Court granted a joint motion for entry of judgment sustaining CBP's remand redetermination. *See Global Aluminum*, ECF No. 103 (Aug. 8, 2022). In *H & E Home*, the Court sustained CBP's remand redetermination. *See H&E Home*, ECF No. 119 (July 9, 2024).

In light of those developments, we respectfully request a voluntary remand for Commerce to consider what effect CBP's sustained and affirmed remand decision in *Global Aluminum* and *H & E Home* —which concern the same EAPA determinations that Commerce relied on in determining that Kingtom was shipping subject merchandise from China—should have on this case. If the Court grants our request for a voluntary remand, Commerce will have an opportunity to reconsider its determination regarding whether Kingtom was shipping subject merchandise and, if appropriate, whether Kingtom is entitled to a separate rate for its aluminum extrusions imported into the United States.

BACKGROUND

Plaintiffs challenge Commerce's final results in the 2019-2020 administrative review of the countervailing duty order covering aluminum extrusions from China. *See Aluminum Extrusions From the People's Republic of China: Final Results of Countervailing Duty*

3

*Administrative Review and Rescission of Review, in Part; 2019*, 87. Fed. Reg. 7423 (Dep't Commerce Feb. 9, 2022).  Specifically, plaintiffs are challenging (1) Commerce's treatment of Kingtom's merchandise as subject to the *Order*, (2) Commerce's reliance on CBP's determinations in EAPA Case Nos. 7348 and 7423, and (3) Commerce's determination to deny Kingtom a separate rate.  *See generally* ECF No. 8 at 20-21 (Apr. 8, 2022) (Compl.)

Commerce's final results did indeed rely upon the original results of EAPA Case Nos. 7348 and 7423, which concluded that substantial evidence supported finding that Kingtom was importing aluminum extrusions of Chinese origin into the United States, transshipping the merchandise through the Dominican Republic, and evading the *Order*.  *See*, *e.g.*, ECF No. 20-4 at 25 (May 18, 2022) (Issues and Decisions Memorandum for the Final Results of the Antidumping Duty Administrative Review: Aluminum Extrusions from the People's Republic of China; 2019-2020) ("we relied on the results of the EAPA investigation" (emphasis removed)).  During the administrative review, Kingtom reported its shipments to the United States as Type 1 entries, or entries not subject to the *Order*.  *Id*. at 19.  Kingtom further certified that it did not have any Type 3 entries, or entries subject to the *Order*, during the period of review.  *Id*. at 20.  Commerce relied on this certification in conducting its administrative review, and determined not to select Kingtom as a respondent because it did not have any Type 3 entries during the period of review.  *Id*.  Ahead of the preliminary results, however, CBP completed its EAPA determinations.  *See id.* at 24.  Relying on the results of these EAPA determinations, Commerce concluded that Kingtom had significantly impeded the administrative review by misrepresenting the status of its entries warranting the application of facts available with adverse inferences, pursuant to 19 U.S.C. § 1677e(a)(2)(C).  *See id*. at 22, 33.

Because CBP's findings in both EAPA cases were challenged, *see generally Global*

*Aluminum*, CIT No. 21-198; *H&E Home*, CIT No. 21-337, we requested the Court stay these proceedings pending the outcome of those cases. *See* ECF No. 26 (July 8, 2022). The Court granted a stay pending the final outcome of either of these cases. ECF No. 29 (Aug. 1, 2022). On August 8, 2022, a judgment was issued in in *Global Aluminum Distributor LLC v. United States*. *See* ECF No. 30 (Aug. 18, 2022). On August 22, 2022, the parties filed a Joint Status Report in which defendant requested, with the consent of all parties, that this Court continue to stay these proceedings pending the outcome of *H & E Home*. ECF No. 31 (Aug. 22, 2022). The Court ordered the stay to continue pending the final outcome of *H & E Home,* ECF No. 32 (Aug. 24, 2022), and subsequently extended the stay to include the deadline for any appeals from the decision in *H & E Home*. *See* ECF No. 38 (July 24, 2024).

On remand in *Global Aluminum*, CBP reversed its initial determination of evasion and instead found information provided by plaintiff Kingtom as to its manufacturing capabilities in the Dominican Republic to be credible. *Global Aluminum*, CIT No. 21-198, ECF No. 93 (June 15, 2022). Subsequently, the parties in that case submitted a joint request that the Court enter judgment sustaining the remand redetermination's finding of no substantial evidence to support a finding of evasion and reversing CBP's Notice of Determination of Evasion. The Court entered the requested judgment on August 8, 2022. *See Global Aluminum*, ECF No. 103.

*H & E Home* was stayed pending completion of the *Global Aluminum* case. CIT No. 21-337, ECF No. 47 (Nov. 18, 2021). On remand in *H & E Home*, CBP again reversed its initial determination of evasion. *See H & E Home*, CIT No. 21-337, ECF No. 73 at 2 (Jan. 10, 2023). Following comments on the remand results, the Court sustained CBP's determination to reverse its initial determination of evasion. *Id.*, ECF No. 119 (July 9, 2024).

As such, CBP has now determined–and its determinations have been sustained–that

Kingtom's merchandise was incorrectly classified as Type 03 subject entries in EAPA Case Nos. 7348 and 7423, because Kingtom was not transshipping subject merchandise from China. *See Global Aluminum*, ECF No. 103; *H & E Home*, ECF No. 119.

Defendant now respectfully requests, without confessing error, a voluntary remand for Commerce to reconsider its reliance on the results of EAPA Case Nos. 7348 and 7423 in light of the decisions in *H&E Home* and *Global Aluminum*. Commerce should be allowed to determine whether the change in CBP's EAPA determinations regarding duty evasion and transshipment affects Commerce's findings in this case

ARGUMENT

An agency may, without confessing error, ask the Court to remand a matter so that it may reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). There are multiple scenarios in which an agency may seek a remand, including (1) to reconsider its decision because of intervening events outside of the agency's control, (2) to reconsider its previous position (absent any intervening events) without confessing error, and (3) to change the result because the agency believes the original decision was incorrect on the merits. *Id.* at 1028.

A voluntary remand is "generally appropriate 'if the agency's concern is substantial and legitimate.'" *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010) (quoting *SKF USA*, 254 F.3d at 1029); *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338-39 (Ct. Int'l Trade 2005) (granting motion for voluntary remand, recognizing that the Government is presumed to act in good faith, and that this presumption may be overcome by only "well-nigh

irrefragable proof"). "A concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co., Ltd. v. United States*, 6 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2014) (citing *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013)). Furthermore, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prod. Inc. v. United States*, 31 C.I.T. 393, 396 (2007); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.").

Our reasons for seeking remand are "substantial and legitimate." *Baroque Timber*, 925 F. Supp. 2d at 1339. First, the Government has a compelling justification for its request because a central underlying element relevant to Commerce's decision has changed as a result of an intervening event outside of Commerce's control, namely CBP's EAPA determinations. Commerce relied on the results of CBP's EAPA investigations to determine that Kingtom shipped subject merchandise and was not eligible for a separate rate. *See generally*, ECF No. 20-4. Given the results of CBP's remands in *Global Aluminum* and *H & E Home*, Commerce should be permitted to address how those decisions affect its conclusions in this case.

Second, the need for finality does not outweigh our justification, as indicated by the fact that plaintiffs consent to our motion, and the defendant-intervenor does not oppose it. Furthermore, a remand will more likely be the most efficient route to finality in this case, as it

was in *Global Aluminum*. *See Global Aluminum*, ECF No. 103.

Third, the scope of our request is appropriate because the remand is related to the central issues being litigated in this case: whether Commerce correctly determined that Kingtom shipped subject merchandise. Accordingly, there is a substantial and legitimate justification for this Court to grant a voluntary remand.

By requesting a voluntary remand of this case in its entirety, we do not waive any defenses regarding the administrative review at issue nor any arguments related to the merits of the issues before the Court. *See Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017). Nor do we cede our ability to defend Commerce's final results on the merits.[1] We simply request that the Court grant Commerce the opportunity to address an underlying element related to the central issue raised by the plaintiffs in this case that has changed as a result of related litigation.

If the Court grants our request, Commerce expects that it will be able to complete and to file with the Court the remand determination within 120 days of the remand order. The time requested is based, in part, on the possibility that Commerce may need to reopen the record to receive additional information and submissions from interested parties. Therefore, should the Court grant our request, we respectfully request that the Court provide 120 days for Commerce to submit its remand redetermination to the Court and allow for comments on the remand redetermination in accordance with Rule 56.2(h) of the Rules of the Court.

---

[1] Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome. *See, e.g., Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

CONCLUSION

For these reasons, we respectfully request that the Court remand this matter in its entirety to Commerce for further administrative proceedings.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br>Jesus N. Saenz<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Augustus Golden<br>Augustus Golden<br>Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 507-6089<br>Fax: (202) 307-0972<br>Email: augustus.j.golden@usdoj.gov |
| October 18, 2024 | Attorneys for Defendant |

THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

| | |
|---|---|
| KINGTOM ALUMINIO SRL, <br><br>  Plaintiff, <br><br> and <br><br> INDUSTRIAS FELICIANO ALUMINUM, INC., J.L TRADING CORP., AND PUERTAS Y VENTANAS J.M. INC., <br><br>  Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br>  Defendant-Intervenor. | No. 22-00079 |

## PROPOSED ORDER

Upon consideration of defendant's motion for a voluntary remand and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the case is remanded to the Department of Commerce to reconsider its determinations in *Aluminum Extrusions from the People's Republic of China*, 87 Fed. Reg. 7,098 (Dep't of Commerce Feb. 8, 2022) (*Final Results*) and the accompanying Issues and Decision Memorandum (IDM) in light of the remand results of *Global Aluminum Distributor LLC v.*

*United States*, Consol. Court No. 21-00198, and *H & E Home, Inc. v. United States*, Consol. Court No. 21-00337, and, if appropriate, to reopen the record and to seek additional information and submissions as needed; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 120 days of this Order; and it is further

ORDERED that parties shall file their comments on the remand redetermination, if any, in accordance with the deadlines set forth in CIT Rule 56.2(h); and it is further

ORDERED that all further proceedings in this case are STAYED pending Commerce's filing with the Court the remand redetermination.

Dated: _____                                    _____
New York, New York                                                            Richard K. Eaton, Judge