IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br>   Plaintiff, <br><br> and <br><br>INDUSTRIAS FELICIANO ALUMINUM, INC., J.L TRADING CORP., and PUERTAS Y VENTANAS J.M. INC., <br><br>   Consolidated Plaintiffs, <br><br>   v. <br><br>UNITED STATES, <br><br>   Defendant, <br><br> and <br><br>ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br>   Defendant-Intervenor. | Court No. 22-00079 |

## DEFENDANT'S COMMENTS IN SUPPORT OF THE REMAND REDETERMINATION

Defendant, the United States, respectfully submits these comments in support of the Final Results of Redetermination Pursuant to Court Remand filed by the United States Department of Commerce (Commerce) on March 4, 2025.  *See* ECF No. 45 (Remand Results).

### BACKGROUND

This case concerns an administrative review of an antidumping duty order covering aluminum extrusions from China.  *See Aluminum Extrusions from the People's Republic of China*, 87 Fed. Reg. 7098 (Dep't. of Commerce Feb. 8, 2022) (*Final Results*) (P.R. 95), and

accompanying Issues and Decision Memorandum (IDM) (P.R. 96).[1]  In the *Final Results*, Commerce determined that the plaintiff in this matter, Kingtom Aluminio SRL,[2] (1) shipped subject merchandise during the period of review, (2) significantly impeded the administrative review and failed to cooperate to the best of its ability by not disclosing these shipments, and (3) was thus subject to a countervailable subsidy rate based on adverse facts available.  To determine that Kingtom was shipping subject merchandise, Commerce relied on determinations made by U.S. Customs and Border Protection (CBP) in two Enforce and Protect Act (EAPA) investigations that Kingtom was evading the antidumping duty order on aluminum extrusions from the People's Republic of China (China) by transshipping subject merchandise through the Dominican Republic.  *See*, *e.g.*, ECF No. 20-4 at 29 (May 18, 2022) ("CBP made very specific agency determinations that Chinese-origin aluminum extrusions were shipped by Kingtom from the Dominican Republic into the customs territory of the United States through evasion and transshipment . . . {o}ur reliance on those designations, despite the claims otherwise by Kingtom, is fully consistent with that standard practice.").

CBP's determinations were challenged in litigation before this Court.  *See Global Aluminum Distributors LLC v. United States* (CIT No. 21-198); *H & E Home, Inc. v. United States* (CIT No. 21-337).  In each of those cases, CBP requested and was granted a voluntary remand and determined during those remands (1) to reverse its initial determination of evasion, and (2) that Kingtom had submitted credible information as to its manufacturing capabilities in

---

[1] Citations to the public record "P.R. __" and confidential record "C.R. __" refer to the underlying administrative review record.  Citations to the remand record "R.R. __" refer to the public record of the remand redetermination.

[2] The consolidated plaintiffs purchased and imported subject merchandise from plaintiff Kingtom.  *See Industrias Feliciano Aluminum, Inc., JL Trading Corp., and Puertas y Ventanas, JM, Inc. v. United States*, CIT No. 22-76, ECF No. 9 (Apr. 8, 2022).

2

the Dominican Republic. *See Glob. Aluminum Distrib. LLC v. United States*, 585 F. Supp. 3d 1352 (Ct. Int'l Trade 2022); *H&E Home, Inc. v. United States*, 714 F. Supp. 3d 1353 (Ct. Int'l Trade 2024).

On October 18, 2024, Commerce requested a voluntary remand in this case to consider the effect of the revised CBP findings on its determination in this review. *See* ECF No. 43. The Court granted that request and ordered Commerce to "reconsider its determinations in the Final Results and the accompanying Final IDM, in light of the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed[.]" ECF No. 44 (Nov. 6, 2024).

During remand, Commerce provided all parties with draft remand results and afforded them the chance to submit comments. *See Draft Remand Redetermination*, March 14, 2023 (R.R. 1). Kingtom submitted comments on February 7, 2025, but no other party commented on the draft remand redetermination. *See* Remand Results at 4. Commerce thereafter issued its Final Remand Results. *See generally id*. On remand, in light of CBP's revised determinations, Commerce determined that Kingtom had no dutiable entries of subject merchandise into the United States during the period of review. *Id*. at 6. Consequently, following a final and conclusive decision from this Court, Commerce intends to rescind the administrative review with respect to Kingtom. *See id* at 6-7.

On April 4, 2025, defendant-intervenor Aluminum Extrusions Fair Trade Committee filed comments with this Court, stating that it takes no position on Commerce's remand redetermination. *See* ECF No. 47.

**ARGUMENT**

The Court should accept and sustain the remand results. Commerce has complied with

3

this Court's remand order to reconsider its determinations in light of *Global Aluminum* and *H&E Home*, including by reopening the record for comments. *Compare* ECF No. 45 *with* Remand Results. Commerce's remand results are supported by substantial evidence and its determination accords with the law. *See*, *e.g.*, *Chia Far Indus. Factory Co. v. United States*, 28 C.I.T. 1337 (2004) (affirming determination of no entries based on importer statement of no entries during period of review and confirmation from CBP); *Allegheny Ludlum Corp. v. United States*, 27 C.I.T. 1034, 1046 (2003) (same). Furthermore, no party challenges Commerce's determinations. *See* ECF No. 47.

## CONCLUSION

Given the lack of any dispute, the substantial evidence that supports Commerce's determination, and that Commerce's remand determination is in accord with applicable law and complies with the Court's remand order, we respectfully request that the Court sustain Commerce's Remand Results and enter final judgment in favor of the United States.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Augustus Golden
AUGUSTUS GOLDEN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station

OF COUNSEL:
Jesus N. Saenz
Senior Attorney
Office of the Chief Counsel
 for Trade Enforcement & Compliance
U.S. Department of Commerce

4

                                                   Washington, D.C. 20044
                                                   (202) 305-5915
                                                 Email: augustus.j.golden@usdoj.gov

May 5, 2025                                      Attorneys for Defendant